May it please the court. All plaintiff wants in this case is to let it proceed on its merits. The Oregon state court said she couldn't, and the Oregon court of appeals said she could, and now the federal district court says she can't because it took too long to process her necessary appeal in Oregon. And this situation was caused by the defendant. Plaintiff filed her case in Oregon in good faith because defendant had registered himself as an Oregon resident, even though he didn't live in Oregon. And then plaintiff was barred from filing a new claim in Washington because the defendant succeeded in having the, persuading the court to dismiss plaintiff's case with prejudice. So the issue in this case is whether the defendant should be allowed to benefit from the delay that he caused. Should plaintiff be penalized for relying in good faith on defendant's bad faith? Now the parties are ready to proceed on the merits of this case should this court give plaintiff that opportunity. The ruling of the district court should be reversed and this case should be allowed to proceed. It was first filed in 2016. It should finally be decided to proceed on its merits. Counsel, you've indicated some very sympathetic facts, but the problem is that we're dealing with the statute of limitations and how can we get around that? Through tolling. I think the Langlois versus BNSF case is parallel to our case. We had a case where it was held up in Oregon on jurisdiction issues. It was finally resolved that, that the jurisdiction rested in Washington. And the court, Washington court held that that was sufficient to toll the statute. Without, as a matter of fact, they said it was equitable tolling, even though the statute doesn't specifically mention it. But the statute in that case was the FELA. So the Washington court was applying federal law. Here we have the Washington statute of limitations. So what, what's the authority for the proposition that Washington law would recognize tolling of this kind of a claim? Well, we're talking about a Washington case and what is the statute of limitations in Washington? And it's a three-year statute, but it can be tolled if the plaintiff is unable to bring her claim. And that's really basic tolling law anywhere. Equitable tolling is proper when the plaintiff files her claim reasonably and in good faith, and the defendant is not prejudiced. And that's specifically what Langlois says. And that's what we have in this case, except our case is even stronger. In our case, it's the defendant who caused the delay. So plaintiff is the innocent victim. And even if the particular facts of the delay is not included in Oregon's tolling statute, the law is clear that the inability to bring her claim warrants tolling. Why, why was she unable? I mean, even if we, even if we grant that the Mr. Holden did something wrong and shouldn't have had an Oregon license, nothing prevented her from filing a claim in either the Western district or a Washington state court within the limitations period. And in fact, the, the, by the time you got the Oregon trial court decision, I mean, you could have gone there initially, or you could have gone there after you got the Oregon trial court decision and you still would have been within the statute. So, so how was she prevented from filing in Washington? In the first place, a dismissal with prejudice is exactly what the Oregon court of appeals said it was. It prevented her, barred her from filing a claim in any form in any state. She didn't have the right to file anything because that's what a dismissal with prejudice is. And with this, we can go back to the Lang-Lewis case where they specifically, the court specifically said that the ability to, or the possibility of bringing a protective suit does not change their ruling. They said the standard for reasonable diligence in obtaining a tolling does not require an overzealous or extreme pursuit of any and every avenue of relief. Here's a quote from what the court said. Additionally, to accept BNSF's argument and require plaintiffs to file protective actions anytime a court preliminarily rejects a jurisdictional argument would potentially burden courts with unnecessary actions and sacrifice judicial economy. So what the court said in Lang-Lewis, and I think it's, it's a good thing for this court to consider is that reasonable diligence is required, not maximum feasible diligence. And then we go back to the basic rule, a dismissal with prejudice is exactly what we've always known it to be. Well, I mean, they may have, they may have said that they did say with prejudice, but it was still a dismissal for lack of personal jurisdiction. Which I think is well understood not to bar a future lawsuit in a court that does, where you can get personal jurisdiction. So regardless of the label, I'm not sure how, how she was prevented from filing in Washington. I can take it. If you're through with your question. Yeah, that is how it was for you. Sorry. In the ninth, in the ninth circuit, the ninth circuit has held that dismissals with prejudice for lack of jurisdiction in its district are not really what they say to be that you can bring your claim anyway, it's not really with prejudice, but that's not the law in Oregon. The law in Oregon is that it is absolute. We can go back to, oh, let's see Ruiz versus Snohomish County, where they're talking about a dismissal with a dismissal for lack of jurisdiction should not be with prejudice. Well, that's all everywhere. It should not have been with prejudice in Oregon, but it was. And that's why the court of appeals had to reverse the trial court so that plaintiff could proceed with her case. That's why they did it. And what the court emphasized in Ruiz is that it said when interpreting an ambiguous prior judgment, the reviewing court should construe a effect to the intention of the issuing court. Well, the final judgment in our case was not ambiguous. It was the judgment of dismissal with prejudice and the court of appeals said that this prevented plaintiff from filing her case and they're going to make the judgment without prejudice so that plaintiff could finally file her case. So there's nothing ambiguous about that. It was explicit. Now, if plaintiff had filed an action in Washington, the defense would have come in and said, they can't do it. The case has been dismissed with prejudice. And in Oregon, that's final. Under the dismissal with prejudice in Oregon law, this case is prohibited. But was the Oregon case a dismissal on the merits or on the basis of personal jurisdiction? Personal jurisdiction only. They never got to the merits. And that was my argument to the court all along through the trial court and in the court of appeals. The court of appeals heard it, but the trial court didn't. You cannot dismiss a case on jurisdiction with prejudice.   We're not going to do that. We're not going to do that. There were cases in some districts, like in the courts within the ninth circuit, would maybe throw that in. The ninth circuit says we're going to disregard that, but that's not the law in Oregon. There's nothing that says it can be disregarded. Counselor, my concern is how does that bar you from filing in Washington? If the Oregon court only decided the question of whether there was jurisdiction over the individual, what has that got to do with the merits of the claim, the underlying claim? Well, it doesn't. And that's why we had to appeal it. And that's what the court of appeals agreed with. The judgment of dismissal with prejudice deprives plaintiff of the right to pursue her case. We order that it be changed to without prejudice so that plaintiff can pursue her claim. Now, so we get back to the Lang Lewis case. It's a good case to follow because there is a good faith dispute over jurisdiction, and it took beyond the statute of limitations for that to be resolved, but they said there's still equitable tolling, and this is where equitable tolling comes in. What are the equities in this case? Plaintiff fought hard to have the case resolved, but dismissed with prejudice. They did that for a reason. The court of appeals said they're not going to allow it to be dismissed with prejudice. Lang Lewis says that's reasonable action on the part of the plaintiff. And Lang Lewis didn't have the bad faith that we have in this case. You've got about four and a half minutes left. Do you want to save it for a rebuttal? Yes, I'd save it for a rebuttal. Okay. And we'll hear now from Mr. Henderson. Thank you. May it please the court, Jonathan Henderson for respondent, appellee, Stephen Holden. I apologize for my voice. I was diagnosed with COVID, or tested positive two days ago, and I'm still a little symptomatic. I'm quarantining at home, but I'm still feeling a little sluggish. So, I didn't hear counsel address the jurisdictional arguments, and what I had proposed, or I'm going to propose here, is that while ordinarily a court would first determine the jurisdictional issue before a merits issue, I would submit that that's not required here for a couple of reasons. One is that no party has ever challenged the personal jurisdiction in Washington. So there's no argument that that court lacked jurisdiction to make a ruling here. Number two, that the transfer order ordinarily is not appealable when it's a grant of a motion to transfer or a request to transfer, which is what plaintiff actually requested here. And then third, and perhaps most importantly, the parties all agree here that Washington law controls, Washington statute of limitations controls, and the Washington law regarding the tolling of the statute of limitations controls. And plaintiff had argued or has argued or said throughout this, the final part of this case, that the Oregon Federal District Court could just apply Washington law, so the Oregon Federal District Court, if it had reached the issue in the summary voting motion, would have made the same conclusion that the Washington court did, it was the same issue applying the same Washington law. So, I would submit that you address the order on summary judgment, and either not at all address the transfer order, or only address that if you find that the district court erred when it granted summary judgment. So the parties agree that the statute of limitations is three years. It's found in RCW 4-16-080. They agree that the statute of limitations period expired on July 19, 2018. And that was some 20 months before plaintiff commenced this lawsuit in the proper date of commencement here, even though the case was transferred to Washington, because the transfer statute says you use the commencement date of the original court. But that doesn't revive or resurrect an already time barred claim. So if the claim was time barred when it was first commenced in the Oregon Federal District Court, the transfer to Washington doesn't save it. And our position is at the time that the case was transferred to Washington, it was 15 months, and so the parties conferred before plaintiff commenced this lawsuit, and defense objected to plaintiff filing the action in the Oregon District Court, because the Oregon State Courts had just ruled that Oregon lacked jurisdiction over the defendant. And plaintiffs sought to relitigate this issue for the fourth time by filing in the Oregon District Court, and urged that court to reach a different conclusion than the Oregon State Courts. During that conferral, defense counsel also said, you know, your claim's now time barred in Washington. And after this discussion, plaintiffs waited another three months and commenced the lawsuit in the Oregon Federal District Court. Defendant immediately moved for summary judgment, and the issue was framed by the pleadings. Because the parties had conferred about the statute of limitations, and presumably because the claim was time barred on the face of the complaint, plaintiff alleged a couple of different theories and avoidance of the statute of limitations under the heading timeliness of claim in the complaint. Defense addressed each one of those theories in the motion for summary judgment. The first of those theories is Washington's tolling statute, RCW 416-180. But clear precedent from the Washington Supreme Court on a certified question from this court holds that where a non-resident foreign defendant is at the Hague Convention, the tolling statute doesn't apply. Now, the plaintiff misunderstands this law and argues that the Hague Convention can't supplant the Washington statute. Well, that's not what's going on. This is really just an extension of the general rule in Washington, which has been the rule since the 1969 Washington Supreme Court case, that the tolling statute doesn't apply where a defendant is amenable to service and where the Washington courts can get personal jurisdiction over that defendant through, for instance, a long arm statute. These tolling statutes are fairly common, at least out here in the West. They predate statehood. They are from the territorial code, so they predate long arm statutes. As soon as long arm statutes were enacted, a lot of these statutes became, their purpose was no longer served. And in fact, there's a body of federal case law holding these unconstitutional as applied in certain circumstances where interstate commerce is affected. And so, state courts, including Oregon and Washington, have held where the defendant can be served through a long arm statute, the tolling statute doesn't apply. Well, this holding from the Washington Supreme Court saying, well, I mean, you can serve through the Hague Convention. You can get service on the defendant and get personal jurisdiction in this court. So long as you can do that, then there's no need for the tolling statute and it doesn't apply. Well, here, not only was the defendant amenable to service through the Hague Convention, so the tolling statute doesn't apply. I mean, the broad case couldn't be more on point. And so- Counsel, what, for the plaintiff, after the Oregon trial court and the appellate court erroneously dismissed the case for lack of personal jurisdiction with prejudice, what should the plaintiff have done at that point? Well, as soon as the trial court said, you got no personal jurisdiction, that should have alerted plaintiff, I got a problem here. And we had been conferring the whole time and saying, you got to file in Washington, you need to file in Washington. And this is why when plaintiff argues that defendant acted in bad faith to prevent the filing of the lawsuit, it's just absolutely not true. We've told plaintiff from the very beginning, when the claim was still timely, you got to file in Washington. This case belongs in Washington. Now this, I'm going to jump ahead here. This issue about whether or not this Oregon court can bar a subsequent Washington suit, that's simply not true. A dismissal for lack of personal jurisdiction in Oregon only means at that time in Oregon, the Oregon courts lacked jurisdiction over the defendant. It doesn't mean anything with regard to the Washington courts. And in fact, plaintiff knew this. Plaintiff cited an Oregon court of appeals decision that's very similar to this case, but which involved a California resident. And in that case, there was a dissent in which the dissent said, if you be barred from bringing the claim in the correct jurisdiction in California, and the majority said, no, that's not true. He's free to bring him in California. It just means he can't bring it here in Oregon because we don't have jurisdiction. Plaintiff knew that and cited that in her brief. So it's just absolutely not true that this would have barred plaintiff from filing in Washington. And so there was nothing preventing plaintiff from Washington. In fact, you know, like I said, we implored him or asked plaintiff to file in Washington because that's where it belonged. So the, the, is there any, is there any Washington state court decision that says another state's decision of dismissal for lack of personal jurisdiction with prejudice that they can still hear that case? I, I can't recall. I think I might've cited a brief in the underlying papers in the, in the Western district of Washington holding that, but otherwise I'm not sure. I can't answer that one way or another right now. I think it's pretty much the same everywhere. I mean, this, that's why this court's case law says the same thing. A dismissal for want of personal jurisdiction is not res judicata. It's not binding. It's not a decision on the merits. And so defendant, absolutely, but not available to say, Hey, you're, you're forever barred from bringing any claim in any court now because you didn't get personal jurisdiction in Washington, Oregon. That's just simply not true. We could not have made that argument. The final principle that plaintiff relies on is equitable tolling. And she relies largely on this Langelaw case, which I pointed out, look, this is a, this is a federal question jurisdiction case, federal common law differs quite a bit from, from Washington common law regarding equitable tolling and plaintiff has never really engaged with the order or with the Washington requirements. And those absolutely require finding a bad faith deception or fraud to prevent the timely filing. And plaintiff's theories here have been a couple. Number one, that defendant's actions in the lawsuit in opposing the complaint and seeking dismissal were bad faith or fraudulent or with deceptions to fulfill that, that element. And then that's simply not true. There's nothing to support that whatsoever. The other argument that plaintiff makes is that the fact that he still had a driver's license, that an Oregon driver's license hadn't canceled that, fulfills this, this bad faith or deception element. And that again is not true. This, this went, this, we went through this issue in the Oregon courts. What defendant did is just simply omitted or failed to cancel his license when he returned to the UK. That's it. He didn't take any affirmative steps. That's all he did. But at the accident, he presented his passport, which showed he lived in the UK. It's in the police report. It's in the certificate of service. Um, in, in the underlying case, they knew he was in the UK. In fact, they served him or attempted service. I believe did serve him in the UK, in the underlying suit, which was timely filed and was months and months before the Oregon district court action was filed. So he, they had all the information they needed long before the statute of limitations ran out. Um, the other issue is that equitable tolling in Washington requires plaintiffs to establish diligence on plaintiff's part regarding commencement of the suit. Uh, defendant argued that plaintiff can't satisfy this element below and the district court didn't reach it. Um, but what we had argued is, Hey, we've been conferring about this. We alerted you to the fact that there was a statute of limitations problem and you still waited three months to file. And that should be evidence of a lack of diligence, um, on, on plaintiff's part to get this case filed. Now our position is it was already time barred by that point anyway, by many, many months. But still it's an element of equitable estoppel or equitable tolling. And aren't we submit it's not met here. Um, I don't know if plaintiff has abandoned the jurisdictional arguments, but I just want to address that really quick. Um, and aside from the issue of, um, I don't think it's reviewable here because it's not a final order and because of the unique circumstances of this case where plaintiff has not challenged the personal jurisdiction of the Washington courts, plaintiff was the one who requested the transfer. Um, and because Washington law controls and everybody agrees. And so if the, that issue gets resolved first, uh, in defendant's favor, there's no need to get to this. But aside from all that, the Oregon courts looked at this issue and decided in favor of defendant. Now in Oregon, you look at personal jurisdiction by looking at the contacts of the defendant to the state of Oregon at the time of commencement of the lawsuit, not at some prior time when plaintiff commenced the lawsuit in Oregon state court, the Oregon state court held. There's no personal jurisdiction. The contacts are too attenuated. They're too far out. There's too much time as he lapsed and you don't have personal jurisdiction. Once we got to the Oregon federal district court, some five or three years, five months and 10 days separated the commencement date of the state court action and the federal action. That's 1,258 more days and no connections by the defendant with the state of Oregon in that time. So he never, he didn't return to the state of Oregon. There's no other, there's no new connections. So if anything, the jurisdictional arguments got much stronger for defendant and much weaker for plaintiff, given the passage of that over 1000 days between those two commencement dates, plaintiff's had her chance to litigate personal jurisdiction. She got to litigated in response to our motion in the circuit court, which gave her another break and allowed her to have discovery on personal jurisdiction, and then the parties re-briefed the issue. Then they went to the court of appeals and briefed it there. Then plaintiff sought review in the Oregon Supreme court. Then we really re-litigated the issue once more in the Oregon federal district court, and then we were on to the, or the Western district of Washington. And now we're, now we're in this court. So if you count the Oregon Supreme court, this is the sixth court that this case has been in, and at least the fourth in which this issue of personal jurisdiction has been litigated, enough is enough plaintiff may not agree or may not like the outcome, but the fact is she's had a full and fair opportunity to litigate this, and she just didn't get the results she wanted. And so I suspect that the district court got it correct. It looked at the theories that plaintiff has advanced to avoid the statute limitations and concluded, none of these get you home. The tolling statute doesn't apply under clear Washington Supreme court precedent. There was nothing to preventing, preventing plaintiff from filing in Washington during while the claim was still timely, notwithstanding the Oregon judgment saying with prejudice, because that would not have acted as a bar if the claim was filed in Washington in a timely manner and, and, and finally equitable tolling plaintiff relies on the wrong body of case law and has never satisfied the correct elements of equitable tolling under Washington substantive law because she's never established bad faith, fraudulent conduct or deception on the plain part of defendant to prevent her from timely filing and because she's never, she hasn't established diligence. So I'd ask that you affirm the Western district of Washington's judgment of dismissal. Thank you, counsel and rebuttal. Thank you. As for the effect of a judgment of dismissal with prejudice, the court of appeals ruled contrary to defendant's argument here today. And they want to say how the judgment of dismissal with prejudice isn't what it appears to be. The court of appeals said it absolutely is. And that's why they dismissed the case. I want to talk briefly about the Hague convention, the Broad case. It did not repeal the tolling statute. As a matter of fact, Broad reinforces tolling statute. They used it. The law is that if you can serve somebody through the Hague convention method within the statutory period, you've got to, you can't rely on the tolling statute. But what happened in Broad was there was this additional time the defendant had to be served within 90 days of the summons and complaint. And the central authority in Germany received those papers within that three month period or three year period. But it took more than 90 days to serve the actual papers on the defendant. And the court ruled that although there was no tolling in getting the papers through the Hague convention method, once they reached the central authority, the statute was tolled. And even though it took 120 days to serve the summons and complaint, it couldn't be done in 90 days, that period was tolled. The court said once documents complying with the terms of the Hague convention have been transmitted to a designated central authority within the 90 days allowed by RCW 416170, the time period is tolled. The court said the 90 day period of the statute is extended and the statute of limitations further tolled once the necessary complying documents are transmitted to the designated central authority for service on the defendant. So the notion that anytime the Hague convention is anywhere involved in any case, there is no tolling of the statute, even if the Hague convention doesn't apply. This case has nothing to do with the Hague convention, but it has nothing to do with whether the defendant was properly served in this case. It has to do whether the defendant was served in the first case in Oregon. And by the way, he was served through his Oregon driver's license. By virtue of his license, he was hailed into court through his Oregon driver's license, and now when I use that term hailed into court, I've used that throughout my briefs in reference to worldwide Volkswagen court versus Woodson, it says, if a person should expect to be hailed into a court, that's adequate contact with the state to give personal jurisdiction. And that's exactly what happened here. Let's see a couple other points. The Sutherland case that I raised in my brief, that's an embarrassment. I never should have done that. I don't know how that ever ended up in my brief. I hadn't even read the case. I said in my brief, I didn't even expect the defense to resist this assignment of error. Well, they did resist it, but the court of appeals set the record straight without mentioning the Sutherland case. They said a dismissal with prejudice is exactly that. And as I mentioned before, it was Ruiz versus Snohomish that says the revealing court should construe a judgment so as to give effect to the intention of the issuing court and the intention of the issuing court was explicit. Then there's been the factual reference that the defendant wasn't actually maintaining an Oregon residence. He was allowing, just passively allowing his driver's license to that's wrong. He, when he moved to the UK, he gave a new address and he registered with it, registered it with DMV in Oregon. While he was in the UK, he changed his address one more time and registered that with the state of Oregon. In the course of the proceedings of the case, he changed his address one more time, it was not a passive possession of his license and one more thing. The defendant filed the case in federal district court as soon as he could. And he informed, I mean, plaintiff did and plaintiff informed the defense that it was going to take this much time to do it because of plaintiff's inability to do it before then. I'm beyond my time. I wish I had more, but thank you. Thank you, Mr. Hiling and Mr. Henderson. Mr. Henderson, we appreciate your joining us notwithstanding COVID and you have our best wishes for your recovery. The case just argued is submitted and we will now take a 10 minute recess. Thank you. This court sends recess for 10 minutes.
judges: O'SCANNLAIN, MILLER, LEE